UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. ROOHAN,<br><br>                                    Plaintiff,<br>v.<br><br>NATIONAL MORTGAGE, et. al.<br><br>                                  Defendants. | Case No.: 17cv01876 JAH-JLB<br><br>**ORDER:**<br><br>**1. DENYING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. §1915(a) [Doc. No. 2];**<br><br>**AND**<br><br>**2. DISMISSING THE COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §1915(e)(2)(B)(ii) [Doc. No. 1]** |

      This matter comes before the Court on motion for leave to proceed *in forma pauperis* ("IFP"). On September 9, 2017, the Court received the Complaint signed by James Roohan, proceeding pro se ("Plaintiff"), suing on behalf of himself against National Mortgage, Clear Recon Corp, Sage Home Mortgage, and Rachel Callahan (collectively "Defendants"). On the same day, Plaintiff filed a motion for leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a).

After a careful review of the record, and for the reasons set forth below, the Court (1) **DENIES** Plaintiff's motion for leave to proceed IFP, [Doc. No. 2]; (2) **DISMISSES** the action without prejudice; and (3) **GRANTS** Plaintiff forty-five (45) days leave to file an Amended Complaint which cures all the deficiencies described in this Order.

**I. Motion for Leave to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. This includes a $350 statutory fee and an administrative fee of $50. *See* U.S.C. § 1914(a); Judicial Conference of Fees, District Court Misc. Fee Schedule, § 14 [eff. Dec. 1, 2014]. The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 492 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Courts grant leave to file an IFP when plaintiffs submit an affidavit, including a statement of all of their assets, showing the inability to pay the statutory filing fee. *See* 28 U.S.C. § 1915(a).

Plaintiff, James Roohan, has submitted an application to proceed in district court without paying fees or costs. *See* Doc. No. 2 at 2. Plaintiff indicates that his gross pay is between $1700 and $1900 per month, and his take-home pay is the same. He lists $100 in cash or in a checking or savings account. *Id*. at 1, 2. Plaintiff also indicates that he does not own an automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value and has regular monthly expenses i.e., housing utilities, credit cards, food, and medical. *Id*. at 2. Plaintiff has a seventeen-year-old daughter who depends on him for support and has miscellaneous credit card debt of $15,000. *Id.*

Although Plaintiff provides a general list, he fails to itemize specific dollar amounts for each monthly expense as required under paragraph 2 on page 2 of the application. *Id*. These omissions render the application incomplete and insufficient for the Court to issue a determination as to Plaintiff's ability to pay the filing fee required to pursue the instant

2

action. As such, Plaintiff's motion for leave to proceed in forma pauperis is DENIED without prejudice.

**II.      Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

**A. Standard of Review**

Plaintiff seeks leave to proceed IFP, pursuant to 28 U.S.C. § 1915(a). Accordingly, his Complaint is subject to *sua sponte* review, and mandatory dismissal, if it is "frivolous, malicious, . . . [or] fail[s] to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). "[S]ection 1915(e) not only permits, but requires, a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

The standard under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive dismissal, the complaint must contain "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. Thus, under Rule 8(a)(2), a Plaintiff is required to plead more than an unadorned accusation. *Id*.

Furthermore, "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *See* Fed. R. Civ. P. 9(b). "'The circumstances constituting [an] alleged fraud' must be 'specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just

3

deny that they have done anything wrong.'" *Screen Capital Int'l Corp. v. Library Asset Acquisition Co*., 510 B.R. 266, 274 (C.D. Cal. 2014). Thus, "[t]o avoid dismissal for inadequacy under Rule 9(b), [the] complaint would need to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Sanford v. MemberWorks*, Inc., 625 F.3d 550, 558 (9th Cir. 2010).

While courts are to construe pro se papers and pleadings liberally, it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Plaintiff's Allegations

Plaintiff alleges Defendants unlawfully sold his real estate while under protection of federal bankruptcy law. The Court construes this as a claim against Defendants under 11 U.S.C. § 362(a) of the Bankruptcy Code. Section 362(a)(3) provides that the filing of a bankruptcy petition operates as a stay against . . . any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." An automatic stay is designed to "protect debtors from all collection efforts [all harassment, and all foreclosure actions] while they attempt to regain their financial footing." *In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992).

The "automatic stay is self-executing and is effective upon the filing of a [bankruptcy] petition." *In re LPM Corp.,* 269 B.R. at 220, aff'd, 300 F.3d at 1134 (9th Cir. 2002). Further, an automatic stay "protects property of the estate until (1) it is no longer property of the estate or (2) the bankruptcy proceeding is closed, dismissed, or a debtor's discharge is either granted or denied." *See* 11 USC § 362(c); *In re LPM Corp.,* 269 *B.R.* at 220-21. Moreover, "the bankruptcy court may lift, modify, or vacate the automatic stay if good cause exists." *See* USC § 362(d); *In re LPM Corp.,* 269 *B.R.* at *220*-21.

To state a claim for a violation of an automatic stay, Plaintiff must show a willful violation of the creditor. *See* 11 USC § 362(h); *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1215 (9th Cir. 2002). A willful violation requires that a party allege sufficient facts to show that the creditor knew of the automatic stay and intentionally violated the stay. *In*

*re Peralta*, 317 B.R. 381, 389 (B.A.P. 9TH Cir. 2004). No specific intent is required; a good faith belief that the stay is not being violated is irrelevant to whether the act was 'willful.' *Id*. At the conclusion of a bankruptcy case, the automatic stay is terminated. *In re Weston*, 110 B.R. 452, 456, 457 (E.D. Cal. 1989), aff'd, 967 F.2d 596 (9th Cir. 1992). Accordingly, any foreclosure taking place after the dismissal of a bankruptcy case does not violate Section 362. *Id*.

Here, Plaintiff alleges the "unlawful sale of real estate by . . . defendants while under . . . protection [of] federal bankruptcy laws." Doc. No. 1 at 4. Plaintiff further provides that his ". . . property . . . was fraudulently put up for sale . . . when there was a stay in place cancelling the alleged sale."

Because Plaintiff's "circumstances constitut[e] [an] alleged fraud, [his claim] must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Screen Capital Int'l Corp.*, 510 B.R. at 274. Further, the Complaint fails to provide the role each Defendant played or "details on the specific misrepresentation involved in the fraudulent scheme." *Sipe v. Countrywide Bank*, 690 F. Supp. 2d 1141, 1157 (E.D. Cal. 2010). These particular facts must be adequately alleged in order for the Defendants to properly defend against the charge. Without properly alleging a claim, Plaintiff cannot bring a claim "under Rule 8, much less meet the heightened pleading requirements . . . under Rule 9." *Screen Capital Int'l Corp.*, 510 B.R. at 267.

Plaintiff is required to plead more than an unadorned accusation that the Defendants violated the automatic stay. *See Ashcroft*, 556, U.S. 662, 678 (2009). Doc. No. 1 at 3. Plaintiff does not provide the date on which the bankruptcy petition was filed nor the date on which an automatic stay was issued. The Complaint makes no mention of whether Defendants were given notice of the automatic stay, the date of the Trustee's Deed of Sale, or the date on which the "bankruptcy proceeding [was] closed, dismissed, or [plaintiff's] discharge [was] either granted or denied." *See In re LPM Corp.*, 269 B.R. at 220-21.

These facts are essential to a claim for relief and the Court will not "supply essential elements of claims that were not initially pled." *Ivey*, 673 F.2d at 268. As in *Ashcroft*, Plaintiff here fails to "plead factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged" in the Complaint. 556 U.S. at 678. In these circumstances, claims are dismissed in their entirety. *Screen Capital Int'l Corp.*, 510 B.R. at 267. The Court, therefore, DISMISSES Plaintiff's Complaint, [Doc. No. 1], for failure to state a viable claim upon which relief may be granted.

### C. Leave to Amend

A *pro se* litigant must be given leave to amend their pleading to state a claim unless it is absolutely clear the deficiencies cannot be cured by amendment. *See Lopez*, 203 F.3d at 1130 (noting that leave to amend should be granted when a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the plaintiff can correct the defect[.]"). Therefore, while the Court finds Plaintiff's Complaint factually deficient, it will provide Plaintiff with leave to amend to cure the pleading deficiencies discussed in this Order. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### III. Conclusion and Order

This Court **DISMISSES** this action *sua sponte* without prejudice due to Plaintiff's failure to state a claim upon which relief may be granted. To avoid dismissal with prejudice, Plaintiff must amend his Complaint and either pay the $400 filing fee or submit adequate proof of his inability to pay the filing fee forty-five (45) days from the date of this filing. If Plaintiff fails to do so, this case shall remain dismissed with prejudice and without further Order of the Court.

Based on the foregoing, the Court HEREBY:

**(1) DENIES** Plaintiff's Motion for leave to Proceed IFP, pursuant to 28 U.S.C. § 1915(a);

1. **(2) DISMISSES** this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failing to state a claim upon which 11 U.S.C. § 362(k)(1) relief can be granted, [Doc. No. 1]; and
2. **(3) GRANTS** Plaintiff forty-five (45) days from the date this order is filed to
    a. File an amended Complaint which cures all the deficiencies described in this Order; and
    b. Either pay the filing fee, or file a new motion to proceed *in forma pauperis* in accordance with this Order.

**IT IS SO ORDERED**

DATED: March 21, 2018

_____
Hon. John A. Houston
United States District Judge